IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) Civil Action No. _____ |
| Plaintiff, | )<br>) |
| v. | )<br>) **COMPLAINT** |
| MESABA AIRLINES, | )<br>) **Jury Trial Demand** |
| Defendant. | )<br>) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Charging Party Laura Vallejos and a class of similarly situated individuals who were adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Mesaba Airlines ("Mesaba") refused to provide accommodations for the sincerely held religious beliefs of its applicants and employees, particularly by prohibiting them from making or receiving scheduling accommodations to permit observance of Sabbath or other religious services during their first ninety days of employment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) and Section I of the Civil Rights Act of 1990, 42 U.S.C. § 1981A.

    2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

    3.    Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C.§2000e-5(f)(1) and (3).

    4.    At all relevant times, Defendant Mesaba has continuously been a Minnesota corporation doing business in the State of Minnesota and the City of Eagan, and has continuously had at least 15 employees.

    5.    At all relevant times, Defendant Mesaba has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

    6.    More than thirty days prior to the institution of this lawsuit, Charging Party Laura Vallejos filed a charge with the Commission alleging violations of Title VII by Defendant Mesaba.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 1, 2005, Defendant Mesaba engaged in unlawful employment practices at its facilities nationwide, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2. These practices include, but are not limited to:

   a. Refusing to accommodate Customer Service Agent Laura Vallejos, who is Jewish, by permitting schedule modifications during the first ninety (90) days of her employment that would allow her to observe the Jewish Sabbath, as required by her sincerely held religious beliefs,

   b. Refusing to accommodate applicants to the Customer Service Agent position by permitting schedule modifications that would allow them to observe religious practices, as required by their sincerely held religious beliefs,

   c. Refusing to accommodate employees in the Customer Service Agent position by permitting schedule modifications during the first ninety (90) days of employment that would allow them to observe religious practices, as required by their sincerely held religious beliefs.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Laura Vallejos and a class of applicants to and employees of Mesaba Airlines, of equal employment opportunities and otherwise adversely affect their status as applicants and employees in Customer Service Agent positions because of their religion.

9. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 and 8 above were done with malice or with reckless indifference to the federally protected

rights of Charging Party Laura Vallejos and a class of applicants to and employees in Customer Service Agent positions at Mesaba Airlines.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Mesaba, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices that discriminate on the basis of religion.

B.      Order Defendant Mesaba to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees who seek reasonable accommodations for their sincerely held religious beliefs, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Mesaba to make whole Laura Vallejos and a class of applicants to and employees in Customer Service Agent positions, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring, reinstatement, or front pay in lieu of reinstatement.

D.      Order Defendant Mesaba to make whole Laura Vallejos and a class of applicants to and employees in Customer Service Agent positions, by providing compensation for past and future pecuniary losses resulting from the unlawful

employment practices described in paragraphs 7 and 8 above, in amounts to be determined at trial.

  H. Order Defendant Mesaba to make whole Laura Vallejos and a class of applicants to and employees in Customer Service Agent positions, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

  I. Order Defendant Mesaba to pay Laura Vallejos and a class of applicants to and employees in Customer Service Agent positions punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

  J. Grant such further relief as the Court deems necessary and proper in the public interest.

  K. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

          Ronald S. Cooper
          General Counsel

          James Lee
          Deputy General Counsel

          Gwendolyn Young Reams
          Associate General Counsel

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507


s/John C. Hendrickson
_____
John C. Hendrickson
Regional Attorney


s/Jean P. Kamp
_____
Jean P. Kamp
Associate Regional Attorney

Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
(312) 353-8551
Fax: (312) 353-8555



s/Nicholas J. Pladson
_____
Nicholas J. Pladson
Minnesota Bar Number 0388148
Trial Attorney

Equal Employment Opportunity Commission
Minneapolis Area Office
330 Second Avenue South, Suite 430
Minneapolis, Minnesota 55401
(612) 335-4047
Fax: 335-4044